# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FORD,<br><br>            Petitioner,<br><br>   v.<br><br>K. PROSPER,<br><br>            Respondent.<br>_____/ | 1:08-cv-00384 DLB HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS TIME-BARRED UNDER 28 U.S.C. § 2244(d)(1)(A)<br><br>[Doc. 14] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

BACKGROUND

Petitioner pled guilty to one count of robbery in violation of California Penal Code section 212.5(C), and admitted two prior "strike" conviction. Petitioner was sentenced to twenty-five years to life. (Lodged Doc. No. 1.)

Petitioner filed a "Wende" brief in the Fifth District Court of Appeal, summarizing the record. After finding no issues to raise on appeal, Petitioner's counsel asked the court to independently review the record. (Lodged Doc. No. 2.) On April 23, 2002, the Court of Appeal agreed there were "no reasonably arguable appellate issues" and affirmed the judgment. (Lodged Doc. No. 2.) Petitioner did not seek review in the California Supreme Court.

However, Petitioner filed four pro se post-conviction collateral petitions. The first

1

1  petition was filed on February 6, 2006, in the Kern County Superior Court.  (Lodged Doc. No. 3.)
2  The petition was denied on February 9, 2006.  (Lodged Doc. No. 4.)

3  The second petition for writ of habeas corpus was filed on March 16, 2006, in the Kern
4  County Superior Court, and denied on April 25, 2006.  (Lodged Doc. Nos. 5, 6.)

5  The third petition for writ of habeas corpus was filed on July 19, 2006, in the California
6  Court of Appeal, Fifth Appellate District, and denied on July 27, 2006.  (Lodged Doc. Nos. 7, 8.)

7  The fourth and final petition for writ of habeas corpus was filed in the California
8  Supreme Court on February 20, 2007, and denied on July 18, 2007, with a citation to In re
9  Robbins, 18 Cal.4th 770, 780 (1998).[1]

10  Petitioner filed the instant federal petition for writ of habeas corpus on March 3, 2008.
11  (Court Doc. 1.)  Respondent filed the instant motion to dismiss on June 2, 2008.  (Court Doc.
12  14.)  Petitioner did not file an opposition.

### DISCUSSION

A.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

---

[1] A copy of the California Supreme Court's order is available on the court's docket at the court's website: http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=461838&doc_no=S150664.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on March 3, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the California Court of Appeal affirmed the judgment on April 23, 2002. (Lodged Doc. No. 3.)  Thus, direct review became final on June 2, 2002, when the forty

1  (40) day period for seeking review in the California Supreme Court expired. California Rules of
2  Court, rules 24 and 28.² Petitioner would have one year from June 3, 2002, absent applicable
3  tolling, in which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart,
4  251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil
5  Procedure governs the calculation of statutory tolling applicable to the one year limitations
6  period.) Therefore, the statute was set to expire on June 3, 2003, plus any time for tolling.

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."³ Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court. Duncan v. Walker, 533 U.S. 167 (2001).

Here, Petitioner did not file any state post-conviction petitions within the one-year limitations period, as the first state post-conviction collateral petition was not filed until February

---

² These rules have been amended and renumbered rule 8.264 and 8.500.

³ In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

4

6, 2006, 1, 344 days after his conviction became final.[1]  Once the statute of limitations has expired, a collateral action cannot revive it.  <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001); <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); <u>see</u> <u>also</u> <u>Webster v. Moore</u>, 199 F.3d 1256 (11th Cir.2000); <u>Rendall v. Carey</u>, 2002 WL 1346354 (N.D. Cal.2002).  As a consequence, the statute of limitations commenced on June 3, 2002, and expired one-year later on June 3, 2003, and the instant petition is untimely.

D.   <u>Equitable Tolling</u>

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>see also</u> <u>Irwin v. Department of Veteran Affairs</u>, 498 U.S. 89, 96 (1990); <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998), *citing* <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. <u>Pace</u>, 544 U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir.1993).

Here, the Court finds no reason to equitably toll the limitations period.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.   Respondent's motion to dismiss the instant petition for writ of habeas corpus is GRANTED; and,

2.   The instant action is dismissed with prejudice for a failure to comply with the one-year statute of limitations as set forth in 28 U.S.C. § 2244(d).

IT IS SO ORDERED.

Dated:   **July 22, 2008**         /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Although the mailbox rule is applicable to the filing of the state court petitions (see <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001), because such application does not benefit Petitioner, the Court will apply the dates upon which the petitions were actually filed in the courts.